JOHN P. JONES *v.* TOWN OF WATERBURY.

*Soldier's Bounty. Construction of Vote.*

The warning was " to see what course the town will take to fill the quota * * * * under the last two calls," &c., and the town voted "to pay each volunteer * * * $300, when mustered in," &c. *Held* that the vote was limited to the quotas under the two calls then incumbent on the town to fill; and as the plaintiff did not apply on those quotas, being mustered in after they were filled, he was not entitled to the bounty.

ASSUMPSIT, to recover a soldier's bounty, three hundred dollars. Plea, the general issue. Trial by jury, August term, Washington county, 1871, STEELE, J., presiding.

The plaintiff introduced record of vote of Waterbury of November 30th, 1863, which was as follows : " Whereas application in writing has been made to us by more than six freeholders of the town to warn a town-meeting to see what course the town will take to fill the quota of men required of the town of Waterbury under the last two calls of the general government for soldiers : Therefore all the legal voters in town-meeting of the town of Waterbury are hereby warned to meet at the hall in the Method-

ist chapel, at the center of said town, on the 30th day of November, A. D. 1863, at one o'clock in the afternoon, to act on the following business :"

" 2d. To see if the town will pay any additional bounty to volunteers from said town, and if any, how much, or what other action they will take on the subject."

" At Waterbury, November 30th, 1863, at one o'clock, P. M., the meeting opened, and, 　*　　*　　*　　*　　*　　Voted to pay each volunteer from this town a bounty of $300 when mustered into the United States service."

The plaintiff was a witness in his own behalf, and his testimony was in substance to the effect that the plaintiff was a resident of Waterbury at the time of his first enlistment, and until after his final discharge in 1865 : that on the 5th day of January, 1864, the plaintiff re-enlisted for three years, in the State of Louisiana, where his regiment then was.　That he was informed that Waterbury would pay a bounty of $300 for soldiers, and he enlisted with the expectation of receiving said sum, to the credit of Waterbury, on the 5th day of January, 1864.　That in a day or two the plaintiff's captain wrote a letter to the selectmen of Waterbury, informing them of the plaintiff's re-enlistment to the credit of the town of Waterbury.　The plaintiff's evidence tended to show that the selectmen received such notice by the middle of January, 1864.　The plaintiff put in General Order No. 2, dated Adjutant and Inspector General's office of Vermont, November 2d, 1863, which shows that there was due from Waterbury, on said November 2d, 1863, twenty-five men under the call of the President of October 17th, 1863, and eleven men under the call of July, 1863, which was the call in which the draft took place. ( The two last calls at date of vote. )　The Assistant Adjutant General of Vermont was used as witness, together with the books and records of the Adjutant General's office, from which it appeared that the quota of Waterbury under the call of October 17th, 1863, was filled by the 31st day of December, 1863, and that the quota for eleven men deficiency, under the draft or call of July, 1863, was filled by the 27th day of February, 1864.

The assistant adjutant general testified that the records in the adjutant general's office indicated that the plaintiff enlisted and was

mustered in on the 5th day of January, 1864, to the credit of Water-bury. That information of his re-enlistment was not received at the adjutant and inspector general's office of this state until the mid-dle of the month of April, 1864; and that the plaintiff applied on the quota of Waterbury, under the call of July 18, 1864. He also testified that the original muster-in roll, on file, from which the adjutant general's record is, or should be, made up, showed that the plaintiff was mustered on the 15th of March, 1864, " as of the 5th of January, 1864." The plaintiff also put in special order No. 8, dated January 23, 1864, from the adju-tant and inspector general's office.

The court then intimated that if it was a conceded fact that plaintiff's muster-in did not occur until March 15th, 1864, a ver-dict would be directed for the defendants. The muster-in roll was sent for and produced in evidence, and it appearing by the certificate that the muster-in occurred March 15, 1864, the counsel for the plaintiff informed the court that they did not wish to go to the jury on any question as to the date of the muster, and should not claim that the certificate of the mustering officer as to the date of the muster-in upon the roll was incorrect.

The court thereupon ordered a verdict for the defendants, to which the plaintiff excepted.

*T. J. Deavitt & H. N. Deavitt,* for the plaintiff.

*E. F. Palmer,* for defendant.

The opinion of the court was delivered by

REDFIELD, J. The plaintiff re-enlisted in the State of Louisi-ana, on the 5th of January, 1864, and was mustered in on the 15th of March, 1864, " as of the 5th of January, 1864," to the credit of Waterbury. The plaintiff testified that he had been in-formed, before his enlistment, that Waterbury would pay a bounty of $300 to soldiers, and enlisted expecting such bounty from de-fendant. The muster-roll was received at the Adjutant General's office about the middle of April, 1864. Before that time the town of Waterbury had filled the quotas that stood against the town,

and which are particularly named in the warning for the town meeting which passed the vote upon which this action is founded. And the plaintiff applied on the quota of July 18, 1864.

In *Wrisley* v. *Waterbury*, 42 Vt., 228, this court, after a full hearing, have decided that this very vote is limited by the express terms in the warning to the two quotas then incumbent on the town to fill.

The warning calls a town-meeting for " the purpose of filling up their quota under the last two calls." The town filled its quotas under these " two calls " before the plaintiff was mustered in, and plaintiff was not applied on these quotas.

We could not reverse this judgment without overturning the law as established in *Wrisley* v. *Waterbury*. For if there be error in *this* case, there was in *that;* but as we are satisfied with the law of that case, we find no error in the judgment below.

The judgment of the county court is therefore affirmed.